# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**STEVE HAWKINS,**

        Plaintiff,

   -vs-                                  **Case No. 07-C-712**

**CITY OF KENOSHA,**
**CHIEF DANIEL C. WADE,**
**LT. LEWIS LINDQUIST,**
**LT. STEVE LARSON,**
**OFFICER DANIEL DeJONGE, and**
**SGT. CHUCK HANNES,**
**in their individual capacities,**

        Defendants.

## DECISION AND ORDER

This matter comes before the Court on Steve Hawkins's ("Hawkins") motion for a determination of the sufficiency of certain answers to requests for admission pursuant to Fed. R. Civ. P. 36(a)(6). The defendants' only response to Hawkins's motion is that it fails to comply with Fed. R. Civ. P. 37(a)(1) and Civil L.R. 37.1.

FRCP 37(a)(1) provides that a party moving for an order "compelling disclosure or discovery . . . must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." The local rule provides that all "motions for discovery pursuant to Fed. R. Civ. P. 26 through 37 must be accompanied by a written statement by the movant that, after personal consultation with the party adverse to the motion

and after sincere attempts to resolve their differences, the parties are unable to reach an accord." Civil L.R. 37.1.

The defendants' response is specious because Hawkins is not moving for disclosure or discovery. Hawkins is moving for a determination that the defendants' answers to his requests for admission are insufficient. *See* Fed. R. Civ. P. 36(a)(6) ("On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served"). Even if the "meet and confer" requirement were applicable in this context, Hawkins complied with the procedure because he initially pointed out the insufficiency of defendants' answers and gave them further opportunity to amend. The defendants offer no argument concerning how their answers to the requests for admission are sufficient. Any arguments to the contrary are waived. The responses encompassed by this motion are deemed admitted.

Under Rule 37(a)(5),[1] the Court must "require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The Court should *not* order payment if (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) the opposing party's nondisclosure, response or objection was substantially justified; or (3) other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(i-iii). As noted above, Hawkins attempted to obtain compliance in good faith before filing this motion.

---

[1] Rule 36(a)(6) provides that Fed. R. Civ. P. 37(a)(5) applies to an award of expenses.

Additionally, the defendants did not attempt to justify their objections, and there are no other circumstances which make an award of expenses unjust.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Hawkins's motion for a determination of the sufficiency of the answers to his requests for admission [D. 18] is **GRANTED**. The defendants must pay the reasonable expenses incurred by Hawkins in making this motion, including attorney's fees.

Dated at Milwaukee, Wisconsin, this 10th day of February, 2009.

**SO ORDERED,**

*s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**Chief Judge**