UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STEVE HAWKINS,

    Plaintiff,

vs.                                    Case No. 07-V-0712

CITY OF KENOSHA,
CHIEF DANIEL C. WADE,
LT. LEWIS LINDQUIST,
LT. STEVE LARSON,
OFFICER DANIEL DeJONGE, and
SGT. CHUCK HANNES,
In their individual capacities,

    Defendants.

---

**MOTION FOR WITHDRAWAL OF ADMISSIONS**

---

Defendants, by their attorneys, Gunta & Reak, S.C., move the Court to allow defendants to withdraw certain admissions which were the topic of this Court's Decision and Order dated February 10, 2009. On that date, this Court held that it was error for the defendants to rely on Fed. R. Civ. P. 37(a)(1) and Civil L.R. 37.1, because plaintiff's motion was not a motion for discovery and because plaintiff had pointed out the insufficiency of some of defendants' answers and given them opportunity to amend. The Court ordered the responses encompassed by the motion deemed admitted and ordered defendants to pay plaintiff's costs and attorneys fees. The Court did not consider defendants' objections to some of the requests, nor their explanation, contained in Answer to Interrogatory No. 1,[1] of the reasons why the defendants were unable to admit or deny the requests

---

[1] Interrogatory No. 1 was as follows:

**Interrogatory No. 1:** If your response to any of the foregoing Requests for Admissions has been other than a complete and unqualified admission, please state the true version of the matter as to which the admission is sought

1

that were the subject of the motion.

Defense counsel has paid plaintiff's costs and attorneys fees in the requested amount of $2,951.50. Defendants move, however, for withdrawal of certain admissions pursuant to Fed. R. Civ. P. 36(b).

Rule 36(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> (b) <u>Effect of an Admission; Withdrawing or Amending It</u>. A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

It has been stated that courts should be reluctant to deny motions to withdraw or amend admissions when final disposition of the case may result from mere discovery noncompliance, rather than the merits of the case. <u>ADM Agri-Industries, Ltd. v. Harvey</u>, 200 F.R.D. 467, 471 (M.D. Ala. 2001), citing <u>Smith v. First National Bank of Atlanta</u>, 837 F. 2d 1575, 1577 (11th Cir. 1988). The party relying upon an admission has the burden, on the opposing party's motion to withdraw that admission, of proving prejudice. <u>Conlon v. United States</u>, 474 F.3d 616, 622 (9th Cir. 2007).

> The prejudice contemplated by Rule 36(b) is 'not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence' with respect to the questions previously deemed admitted.

<u>Hadley v. United States</u>, 45 F.3d 1345, 1348 (9th Cir. 1995) (quoting <u>Brook Vill. N. Assoc. v.</u>

---

and identify all documents and witnesses supporting your denial.

**Response**: Objection, invasion of work product. In addition, this interrogatory is unreasonably burdensome and not calculated or likely to lead to the discovery of admissible evidence. If the defendants state that a request for admission is denied, it is because it is not believed to be true. <u>If the defendants state they are unable to admit or deny, it is because they do not have information reasonably available to them which would allow them to determine the truth or falsity of the request</u>. (Emphasis added)

2

General Elec. Co., 686 F.2d 66, 70 (1st Cir. 1982).

In this case, the defendants wish to withdraw the following admissions for the reasons set forth below:

**REQUEST FOR ADMISSION NO. 96:** Admit that Alderman Ruffolo advocated for the closing down of Twisterz.

**RESPONSE:** Objection, not calculated or likely to lead to the discovery of admissible evidence. Subject to this objection, state that defendants are not able to admit or deny.

**REASON WITHDRAWAL SHOULD BE PERMITTED**: Alderman Ruffalo did not serve on the License and Permit Committee that presided over the hearing regarding the revocation of Twisterz's cabaret license. His opinions and statements regarding Twisterz are not relevant to this lawsuit, or calculated or likely to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 97:** Admit that around early 2002, City of Kenosha Alderman Ruffolo announced to a group of men that he was planning to shut Twisterz down.

**RESPONSE:** Objection, not calculated or likely to lead to the discovery of admissible evidence. Subject to this objection, state that defendants are not able to admit or deny.

**REASON WITHDRAWAL SHOULD BE PERMITTED**: Alderman Ruffalo did not serve on the License and Permit Committee that presided over the hearing regarding the revocation of Twisterz's cabaret license. His opinions and statements regarding Twisterz are not relevant to this lawsuit, or calculated or likely to lead to the discovery of admissible evidence. In addition, the lack of any reference to a date or the identity of the "group of men" makes it impossible to admit or deny this request.

**REQUEST FOR ADMISSION NO. 98:** Admit that the owner of Spot Drive In in Kenosha did not like having African Americans at his restaurant.

**RESPONSE:** Objection, not calculated or likely to lead to the discovery of admissible evidence. Subject to this objection, state that defendants are not able to admit or deny.

**REASON WITHDRAWAL SHOULD BE PERMITTED**: Defendants have no way of determining the motivation of the owner of the Spot Drive In, Chuck DuBois, who is dead. Defendants have no knowledge that he disliked having African Americans at his restaurant. He did complain of large crowds misbehaving at this restaurant after bar closing times. The only information available to defendants regarding the desires of the late Mr. DuBois are contained in his letter dated December 20, 2002. A copy of this letter is attached.

**REQUEST FOR ADMISSION NO. 99:** Admit that Alderman Ruffolo wanted to shut down Twisterz in part because of complaints from the owner of Spot Drive In.

**RESPONSE:** Objection, not calculated or likely to lead to the discovery of admissible evidence. Subject to this objection, state that defendants are not able to admit or deny.

**REASON WITHDRAWAL SHOULD BE PERMITTED**: Alderman Ruffalo did not serve on the License and Permit Committee that presided over the hearing regarding the revocation of Twisterz's cabaret license. His opinions and statements regarding Twisterz are not relevant to this lawsuit, or calculated or likely to lead to the discovery of admissible evidence.

Admit that Alderman Ruffalo was quoted in the Kenosha Times as stating "the committee would like to revoke him (Hawkins), but unfortunately our ordinance isn't strong enough." A copy of this article is attached.

4

Case 2:07-cv-00712-RTR   Filed 03/16/09   Page 4 of 9   Document 33

**REQUEST FOR ADMISSION NO. 101:** Admit that around early 2002, Capt. Reschke told Jerry Kurth that the Kenosha police were going to shut down Twisterz.

**RESPONSE:** Objection, not calculated or likely to lead to the discovery of admissible evidence. Subject to this objection, state that defendants are not able to admit or deny.

**REASON WITHDRAWAL SHOULD BE PERMITTED**: Defendants have no way to determine the truth or falsity of this request. Captain Reschke died December 5, 2005, long before this lawsuit was commenced.

**REQUEST FOR ADMISSION NO. 175:** Admit that the dash cam of Squad 2572 does not show the riot-like activity described in Lt. Larson's press release of the alleged riot at Twisterz.

**RESPONSE:** Objection, not calculated or likely to lead to the discovery of admissible evidence. Subject to this objection, state that defendants are not able to admit or deny. Also, the term "riot-like" is vague in this context.

**REASON WITHDRAWAL SHOULD BE PERMITTED**: The term riot-like is vague, defendants do not know what it means. Please see response to Request 178.

**REQUEST FOR ADMISSION NO. 178:** Admit that even if it shows a person being punched at 3:04:17, the dash cam of Squad 2572 shows no other riot-like activity.

**RESPONSE:** Objection, not calculated or likely to lead to the discovery of admissible evidence. Subject to this objection, state that defendants are not able to admit or deny. Also, the term "riot-like" is vague in this context.

**REASON WITHDRAWAL SHOULD BE PERMITTED**: It appears that the dash cam shows an individual being punched. This could be deemed "riot-like" activity because the term is

so vague.

**REQUEST FOR ADMISSION NO. 189:** Admit that when the National Association for the Advancement of Colored People contacted the Kenosha police regarding Twisterz's license, a representative of the Kenosha Police Department said, "Everybody knows those people tend to be more violent and less respectful of police."

**RESPONSE:** Objection, not calculated or likely to lead to the discovery of admissible evidence. Subject to this objection, state that defendants are not able to admit or deny.

**REASON WITHDRAWAL SHOULD BE PERMITTED**: Since the alleged representative of the Kenosha Police Department is not identified, defendants cannot determine the truth or falsity of this request.

**REQUEST FOR ADMISSION NO. 216:** Admit that there were establishments in Kenosha in 2002 and 2003 that required a greater commitment of the Kenosha Police Department for documented incidents threatening to public safety than Twisterz.

**RESPONSE:** Objection, not calculated or likely to lead to the discovery of admissible evidence. Subject to this objection, state that defendants are not able to admit or deny.

**REASON WITHDRAWAL SHOULD BE PERMITTED**: Defendants are not able to admit or deny this statement because the request is vague as to time, the terms "establishment," "commitment of the Kenosha Police Department" and "incidents threatening to public safety" are so vague that the request is essentially meaningless. It cannot possibly be relevant to this lawsuit or lead to the discovery of relevant evidence.

**REQUEST FOR ADMISSION NO. 217:** Admit that there was no request made in 2002 or 2003 to revoke the licenses of any of the establishments that had a greater number of documented incidents threatening to public safety than Twisterz.

**RESPONSE:** Objection, not calculated or likely to lead to the discovery of admissible evidence. Subject to this objection, state that defendants are not able to admit or deny.

**REASON WITHDRAWAL SHOULD BE PERMITTED**: Defendants are not able to admit or deny this statement because the request is vague as to time, the terms "establishment," "commitment of the Kenosha Police Department" and "incidents threatening to public safety" are so vague that the request is essentially meaningless. It cannot possibly be relevant to this lawsuit or lead to the discovery of relevant evidence.

**REQUEST FOR ADMISSION NO. 218:** Admit that Twisterz pulled in a greater number of African American patrons than the establishments that had a greater number of documented incidents threatening to public safety than Twisterz.

**RESPONSE:** Objection, not calculated or likely to lead to the discovery of admissible evidence. Subject to this objection, state that defendants are not able to admit or deny.

**REASON WITHDRAWAL SHOULD BE PERMITTED**: Defendants cannot admit the truth or falsity of this request because they do not gather or keep records of the race of bar patrons. The race of the bar patrons could vary, day by day, hour by hour.

**REQUEST FOR ADMISSION NO. 240:** Admit that The Brat Stop drew in predominantly white clientele.

7

**RESPONSE:** Objection, not calculated or likely to lead to the discovery of admissible evidence. Subject to this objection, state that defendants are not able to admit or deny. Also vague.

**REASON WITHDRAWAL SHOULD BE PERMITTED**: Defendants cannot admit the truth or falsity of this request because they do not gather or keep records of the race of bar patrons. The race of the bar patrons could vary, day by day, hour by hour.

**REQUEST FOR ADMISSION NO. 243:** Admit that The S.O.S. Club drew in predominantly white clientele.

**RESPONSE:** Objection, not calculated or likely to lead to the discovery of admissible evidence. Subject to this objection, state that defendants are not able to admit or deny.

**REASON WITHDRAWAL SHOULD BE PERMITTED**: Defendants cannot admit the truth or falsity of this request because they do not gather or keep records of the race of bar patrons. The race of the bar patrons could vary, day by day, hour by hour.

**REQUEST FOR ADMISSION NO. 261:** Admit that the crowds which patronized Twisterz for the entertainment of hip hop and rap were almost exclusively African American crowds.

**RESPONSE:** Objection, not calculated or likely to lead to the discovery of admissible evidence. Subject to this objection, state that defendants are not able to admit or deny.

**REASON WITHDRAWAL SHOULD BE PERMITTED**: Defendants cannot admit the truth or falsity of this request because they do not gather or keep records of the race of bar patrons. The race of the bar patrons could vary, day by day, hour by hour.

**REQUEST FOR ADMISSION NO. 264:** Admit that in 2003, there were no night clubs in Kenosha catering to African American clientele other than Twisterz.

**RESPONSE:** Objection, not calculated or likely to lead to the discovery of admissible evidence. Subject to this objection, state that defendants are not able to admit or deny.

**REASON WITHDRAWAL SHOULD BE PERMITTED**: Defendants cannot admit the truth or falsity of this request because they do not gather or keep records of the race of bar patrons. The race of the bar patrons could vary, day by day, hour by hour.

Defendants submit that allowing withdrawal of the above will not prejudice the plaintiff, as that term is utilized in Rule 36(b). The trial of this matter is not scheduled to begin until September 14, 2009. Defendants will stipulate to extend discovery if plaintiff so desires.

The undersigned do not seek return of the costs and attorneys fees paid to the plaintiff.

Respectfully submitted, this 16th day of March, 2009.

By: /s/ Kevin P. Reak
Kevin P. Reak Bar No. 1004316
John A. Wolfgang Bar No. 1045325
Gregg J. Gunta Bar Number: 1004322
Attorneys for Defendants
GUNTA & REAK, S.C.
219 North Milwaukee Street, Fifth Floor
Milwaukee, Wisconsin 53202
Telephone: (414) 291-7979
Fax: (414) 291-7960
E-mail: kpr@gunta-reak.com
E-mail: jaw@gunta-reak.com
E-mail: gjg@gunta-reak.com