UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STEVE HAWKINS,

        Plaintiff,

    vs.                              Case No. 07-cv-0712

CITY OF KENOSHA,
CHIEF DANIEL C. WADE,
LT. LEWIS LINDQUIST,
LT. STEVE LARSON,
OFFICER DANIEL DeJONGE, AND
SGT. CHUCK HANNES,
In their individual capacities,

        Defendants.

---

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION FOR WITHDRAWAL OF ADMISSIONS**

---

**I.    The Defendants' Motion may be denied as a matter of course.**

Local Rule 7.1 provides that a motion may be denied as a matter of course

if it is not accompanied by either a supporting brief, and when necessary,

affidavits or other documents, or a certificate of counsel stating that no brief or

other supporting documents will be filed.  The Defendants' Motion was neither

accompanied by a supporting brief or a certificate of counsel stating that no brief

would be filed.  Moreover, the Defendants make numerous factual assertions for

which there is no basis in the record without filing a supporting Affidavit to

1

properly put those facts and documents before the Court. Hence, the

Defendants' Motion may be denied as a matter of course.

## II. The Defendants have waived their arguments used in support of their Motion for Withdrawal of Admissions.

### a. The Law of the Case is that the Defendants' arguments concerning how their answers to the requests for admissions were sufficient are waived.

This Court held on February 11, 2009, "The defendants offer no argument concerning how their answers to the requests for admission are sufficient. Any arguments to the contrary are waived." (Decision and Order, EFC Doc. 26.) This is the law of the case and the Defendants cannot now be permitted to offer evidence that their answers to the requests for admission were sufficient, despite being cloaked as a Motion for Withdrawal of Admissions.

All of the Defendants' arguments (that their responses were sufficient because of an all encompassing statement in the response to Interrogatory No. 1 that referred to the Requests for Admissions, because they had made objections to the Requests, or because they had made reasonable inquiries but were unable to answer because the witness was dead or the evidence was unavailable for other reasons) should be disregarded by the Court. These are waived arguments concerning how their answers to the requests were sufficient, and why the Court should have ruled differently earlier and should now essentially take back its prior holding that the answers were insufficient and were deemed admitted.

2

### b. The Defendants' new objections to the requests for admissions are waived.

The Defendants now, for the first time, raise objections to the Requests for Admissions served eight months ago. For example, on page 6 of the Defendants' Motion, the Defendants originally made one objection to Request No. 216, which asked, "Admit that there were establishments in Kenosha in 2002 and 2003 that required a greater commitment of the Kenosha Police Department for documented incidents threatening to public safety than Twisterz." The objection stated originally was, "not calculated or likely to lead to the discovery of admissible evidence." (Defs' Motion, p. 6.) In this case, the Plaintiff was assessed demerit points in part for the License and Permit Committee's finding that the crowd "attracted to Twisterz by the featured entertainment [] included individuals present to cause trouble [] which drained police resources and threatened the citizens of the City of Kenosha." (EFC Doc. 20, Farrell Dec., Ex. D, part 2, Request No. 251.) Whether there were comparable establishments which drained even more police recourses than Twisterz is highly relevant information. Perhaps recognizing this, the Defendants now for the first time argue that withdrawal of their admission should be permitted because the terms "establishment," "commitment of the Kenosha Police Department," and "incidents threatening to public safety," are vague. The objection of vagueness was not stated in response to the Request, and therefore it is not a valid objection

3

now. Every one of the Defendants' new objections, not made in the original response to request for admissions, is waived.[1] Fed.R.Civ.P. 36(a)(3)-(5); *Avante Intern. Technology, Inc. v. Hart Intercivic, Inc.*, 2008 WL 2074093, 1 (S.D. Ill. 2008) ("Objections that are not timely filed are waived. . . any objections made for the first time in the supplemental response are waived."); *Trafton v. Rocketplane Kistler, Inc.*, 2009 WL 112580, 1 (E.D. Wis. 2009).

### c. The Defendants' objections, if not waived, are invalid.

Mr. Hawkins spent a good part of his *Memorandum of Law Supporting Plaintiff's First Motion for a Determination of the Sufficiency of Answers Pursuant to Federal Rule of Civil Procedure 36(a)(6)* discussing the Defendants' objections (EFC Doc. 19, p. 8-9); yet the Defendants failed to state anything regarding the objections in response to the Plaintiff's motion. The Defendants continue to ignore the Plaintiff's arguments made then, and additionally continue to put forth invalid objections. For example, on pages 5 to 6 of the Defendants' Motion, they argue that they cannot answer the Plaintiff's requests because they have no idea what the term "riot-like" means. Yet, in response to Request for Admission No. 183, the Defendants had no problem understanding that term and admitting that Mr. Hawkins's video tape of the night of the alleged riot shows no riot-like activity. (EFC Doc. 20, Ex. D, part 2.) In particular, the Defendants stated that

---

[1] *See* No.'s 97, 189, 216, 217; (Defs' Motion, pp. 4-8).

Case 2:07-cv-00712-RTR   Filed 04/03/09   Page 4 of 14   Document 39

their admission to Request No. 178 should be withdrawn because "an individual being punched [] could be deemed 'riot-like' activity." However, in response to Request No.s 179-180, the Defendants admitted that even if one person was punched, the dash cam showed no other illegal activity, and that one person being punched does not constitute a riot. (EFC Doc. 20, Farrell Dec, Ex. D, part 2.)

Similarly, the Defendants' object to Requests No.s 96 and 97 stating that Alderman Ruffolo's statements are not relevant to this lawsuit or likely to lead to relevant evidence. (Defs Motion, p. 3.) This is directly contradictory to both Alderman Ruffolo's official position as a Kensoha alderman and the Defendants' inclusion of Alderman Ruffolo in its Initial Disclosures as a person who would be expected to testify on behalf of the Defendants. (Farrell Dec., ¶ 2.)

Moreover, where the Defendants do not make objections, they affirmatively allege certain conditions that make it impossible for them to admit or deny. If the evidence which would permit the Defendants to admit or deny any Request was truly unavailable back in July of 2008 when the Requests for Admissions were served, the Defendants had a duty to respond as such. Fed.R.Civ.P 36(a)(4) ("If a matter is not admitted, the answer must specifically deny it or *state in detail* why the answering party cannot truthfully admit or deny

it.") (emphasis added.) Hence, these arguments should be considered waived as well.

### III. The Court *may* permit withdrawal *if* both the merits of the case would be subserved and there would be no prejudice to the party relying on the admission.

"Admissions, in some ways, are like sworn testimony. Once one is made, there is no need to revisit the point. Under Rule 36(b), matters admitted are 'conclusively established.'" *Banos v. City of Chicago*, 398 F.2d 889, 892 (7th Cir. 2005). "Unless the party securing an admission can depend on its binding effect, he [or she] cannot safely avoid the expense of preparing to prove the very matters on which he [or she] has secured the admission, and the purpose of the rule is defeated." *U.S. v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987) (citing Fed.R.Civ.P 36 advisory committee's note).

"Rule 36(b) allows withdrawal of admissions *if* certain conditions are met *and* the district court, in its discretion, permits the withdrawal." *U.S. v. Kasuboski*, 834 F.2d 1345, 1350, n.7 (7th Cir. 1987). (emphasis added.) The Ninth Circuit case relied upon by the Defendants in their Motion states that:

> Rule 36(b) is permissive, not mandatory, with respect to the withdrawal of admissions. *See Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1248 (9th Cir.1981). The rule permits the district court to exercise its discretion to grant relief from an admission made under Rule 36(a) only when (1) "the presentation of the merits of the action will be subserved," and (2) "the party who obtained the admission fails to satisfy the court that withdrawal or amendment will

> prejudice that party in maintaining the action or defense on the merits."

*Conlon v. U.S.*, 474 F.3d 616, 621 (9th Cir. 2007). Rule 36 "empowers a court to permit amendment only after determining (1) that presentation of the merits will be furthered by an amendment, and (2) that the party who obtained the admission will not be prejudiced. However, even if a court determines that both of these prerequisites are met, it may still in the exercise of its discretion refuse to permit amendment." *In re Narwetz Mechanical Contractors, Inc.*, 99 B.R. 850, 860 (N.D.Ill. 1989).

Hence, the Court should consider both prongs of the test prior to using its discretion and then (1) deny the motion if one or both prongs have not been met, and (2) if both prongs have been met, use its good discretion in granting or denying it.

### a. The Defendants have not made any showing the merits would be subserved.

The First prong requires the party requesting withdrawal to demonstrate that permitting withdrawal of admissions subserves the merits. *Banos v. City of Chicago*, 398 F.2d 889, 892 (7th Cir. 2005). In other words, there must be a showing that withdrawal of the admissions would not "be pointless," but would serve a purpose of preserving a claim or defense. *Id*. at 893. If the claim or

7

defense the party wishes to preserve is likely foreclosed by other facts or case law, then the first prong of the Rule 36(b) test is not met. *Id.* at 892-93.

The Defendants have not even alleged that permitting the withdrawal of admissions would subserve the merits, and hence that argument is now waived. *Nelson v. La Crosse County District Atty*, 301 F.3d 820, 836 (7th Cir. 2002). The Defendants failed to make the necessary showing that their defenses are no longer available solely because of the existence of the admissions. *See Banos v. City of Chicago*, 398 F.2d at 892-3. All of the Defendants' arguments in favor of withdrawal are along the lines of having valid objections and/or legitimately not having access to information. As discussed above, that lot of arguments has been waived. The Defendants should now be arguing in an opening brief that they have facts such that they could win this case based on a valid defense, but for the admissions. The Defendants do not do so because this is not a case were the merits would be subserved by withdrawal.

This is not a case where broad admissions, such as "admit the defendants discriminated against the plaintiff in violation of 42 USC § 1983," are at issue, which would prevent the Defendants from establishing any facts to compile a defense.  (*see Conlon v. US*, 474 F.3d 616, 622 (9th Cir. 2007) ("The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case.")  The Defendants have

8

failed to show, or even allege, that permitting withdrawal of the admissions will preserve any of their defenses on the merits, and have therefore failed to satisfy the first prong of the test. *See id.* (The first prong of the test in Rule 36(b) is satisfied if "upholding the deemed admissions eliminated any need for a presentation on the merits.") There has simply been no showing in this case that the admissions would cause an undeserving judgment to be entered against the Defendants.

### b. The Plaintiff will be prejudiced by withdrawal.

"A court, in its discretion, may permit a party to rescind admissions when doing so better serves the presentation of the merits of the case and the party who benefits from the admissions (usually by relying on them) is not prejudiced." *Banos v. City of Chicago*, 398 F.2d 889, 892 (7th Cir. 2005). For instance, there is not prejudice in cases where a party has unreasonably relied on default admissions when it had the opposing party's actual denials a mere five days after they were due. *Metal Processing Co., Inc. v. Amoco Oil Co.*, 173 F.R.D. 244, 249 (E.D. Wis. 1997). Prejudice exists when one "has been subjected to long delays," because at a certain point, "[e]nough is enough." *Banos v. City of Chicago*, 398 F.2d 889, 893 (7th Cir. 2005).

The Plaintiff will be prejudiced by withdrawal. No discovery may be completed in this case after April 1, 2009, and this date was fixed after two

9

extensions. The Defendants have waited until the final hour to file their Motion, and have therefore put Mr. Hawkins in a place where he cannot cure, through further discovery, the gaps withdrawal would cause in his evidence. If the Court attempted to solve this problem by extending the discovery (for the third time), the Plaintiff would have to propound (and likely answer) further discovery in the final months before trial when the Plaintiff should be focusing only on final trail preparations. Moreover, there would be no way for the Plaintiff to obtain the new evidence prior to the deadline for dispositive motions, which is May 1, 2009. The Plaintiff had every reason to believe it could rely on those admissions in dispositive motions. *See U.S. v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987).

Additionally, prejudice exists in large part because the Defendants have been habitually tardy or evasive with their discovery responses (See Farrell Dec., ¶¶ 3-6), and there is simply no guarantee, even if the Court extended the time for discovery, that the Plaintiff would be able to obtain completed meaningful discovery responses from the Defendants at any reasonable time before trial. The fact that the Defendants claimed on page 4 of their Motion that they could not answer Request No. 98 because the owner of The Spot Drive In was dead, even though after some prodding from the Plaintiff the Defendants now admit he is alive, shows that eight months after the Requests for Admissions were served, the Defendants have not made "reasonable inquiry" one, in that they did

not even know if the subject of the Request was dead or alive. (See Farrell Dec., ¶¶ 7-10.) Moreover, the Defendants' excuse that they confused Mr. DuBois with his father is not reasonable, because the two had different first names (Harold and Chuck). (See Farrell Dec., ¶ 9.)

This concern certainly implicates the prejudice prong of Rule 36(b). *ADM Agri-Industries, Ltd. v. Harvey*, 200 F.R.D. 467, 471-472 (M.D.Ala. 2001). That case, cited by the Defendants in their Motion, states:

> If Harvey had been able to provide any plausible explanation for his past discovery noncompliance and any reason to think that his uncooperativeness has now come to an end, the court might be more inclined to find that ADM has not carried its burden to show prejudice from the withdrawal or amendment of the admissions. . . the court must infer that Harvey's conduct will not be any different going forward in the case, or, at least, it will not be any different in the absence of an unambiguous signal from the court that discovery noncompliance may have damaging consequences for his defenses an counterclaim. The court concludes that ADM would be unduly prejudiced without the admissions because, without their deterrent value, it would face a heightened and unfair risk of having to prosecute the rest of the case without getting Harvey's compliance with further necessary discovery requests. Indeed, the substantial risk of continued noncompliance by Harvey puts in doubt whether, without the admissions, ADM will be able to obtain full and adequate discovery on the substance of the admissions. The court reaches this result on the basis of its concern for the fairness and efficiency of the future course of this case, and does not intend its denial of Harvey's motion as any kind of punishment for his conduct. Nonetheless, the court notes that any adverse effect of the court's denial on the merits of Harvey's defense and counterclaim may also be equitably justified by the fact that Harvey has had repeated notice and opportunity to remedy his conduct.

*Id*. at 471-42.

11

The Defendants have given no reason for the request for withdrawal. The Defendants did not come across new evidence, they did not realize a mistake, and they do not point out a shift in the case law. They do not provide any information in their Motion that they could not have provided eight months ago when the Requests were served. The Court should consider the very real fact that the only reason the Defendants could possibly have for failing to turn over proper answers when they were due, when they were supplemented, or any time after that, was to prejudice the Plaintiff with delay – exactly what Rule 36(b) protects the Plaintiff from.

### c. The Court should use its discretion to deny the Defendants' Motion.

"The control of discovery is committed to the sound discretion of the trial court," and the court may consider a party's history of evasiveness and untimely responses. *In re Narowetz Mechanical Contractors, Inc.*, 99 B.R. 850, 860-61 (N.D.Ill. 1989) (citing *Dukes v. South Carolina Insurance Co.*, 770 F.2d 545, 548-49 (5th Cir. 1985) and *EEOC v. Baby Products Co, Inc.*, 89 F.R.D. 129 (E.D. Mich. 1981)); *In re Narowetz Mechancal Contractors, Inc.*, 99 B.R. 850, 861 (N.D.Ill. 1989). "[D]eeming matters admitted is a proper remedy under appropriate circumstances for intransigence during discovery. Rule 36 requires specificity, detailed explanation when a truthful answer cannot be framed, good faith, and fairness." *U.S. v. Kenealy*, 646 F.2d at 703 (1st Cir. 1981). The First Circuit stated,

12

> Given appellants' opaque, generalized, and tardy denials, their
> failure to oppose the government's request for this relief, and their
> incredibly cavalier conduct in this litigation, we decline to tamper
> with the district court's action which was well within its discretion.

*Id.* Similarly, the Defendants here failed to give a detailed explanation why a truthful answer could not be framed; gave opaque, generalized, and tardy denials; and failed to meaningfully oppose the Plaintiff's request for the relief of having the responses deemed admitted. A motion for withdrawal is less reasonable when the moving party "possessed all along the very information it eventually sought to use in order to justify its request to amend its assertedly incorrect admissions." *In re Narowetz Mechancal Contractors, Inc.*, 99 B.R. 850, 861 (N.D.Ill. 1989). The Court may consider the fact that this is not a case where there was some newly discovered evidence not previously in the hands of a litigant. *See id.* Hence, even if the Court did find that both prongs of the inquiry were met, a denial of the Defendants' Motion for Withdrawal would nonetheless be proper and within the Courts discretion. *See id*; *U.S. v. Kasuboski*, 834 F.2d 1345, 1350 n.7.

## Conclusion

Mr. Hawkins respectfully requests that the Defendants' Motion for Withdrawal of Admissions be denied in its entirety.

Dated this 3rd day of April, 2009.

13

Respectfully submitted on behalf of Steve Hawkins, Plaintiff


By

THE JEFF SCOTT OLSON LAW FIRM, S. C.

JEFF SCOTT OLSON
State Bar Number 1016284
Email:        jsolson@scofflaw.com
ANDREA J. FARRELL
State Bar Number 1064773
Email:        ajf@scofflaw.com
131 West Wilson Street, Suite 1200
Madison, Wisconsin 53703-3245
Phone:        (608) 283-6001
Facsimile:    (608) 283-0945


___/s/ Andrea J. Farrell_____
Andrea J. Farrell
ATTORNEYS FOR PLAINTIFF

---

**Certificate of Service**

I hereby certify that on Friday, April 03, 2009, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of the filing to the following:  Attorney Gregg J. Gunta and Kevin P. Reak, and I hereby certify that I have mailed by United States Postal Service the document to the following: none.

/s/ Andrea J. Farrell

---

14